IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLAUDIA VALDEZ-GOMEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:16cv757-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Claudia Valdez-Gomez's *pro se* motion for relief under 28 U.S.C. § 2255. Doc. # 2.[1]

## I. INTRODUCTION

On July 18, 2012, Valdez-Gomez pleaded guilty to a single count of distribution of methamphetamine based on a drug sale she made to an undercover narcotics officer. *See* 21 U.S.C. § 841(a)(1). Following a sentencing hearing on October 16, 2012, the district court sentenced Valdez-Gomez under a safety valve reduction to 74 months in prison. *See* 18 U.S.C. § 3553(f)(1)–(5); U.S.S.G. § 5C1.2  Valdez-Gomez did not appeal.

On August 10, 2016, Valdez-Gomez filed this § 2255 motion asserting she is entitled to a mitigating role reduction to her sentence based on Amendment 794 to § 3B1.2 of the Sentencing Guidelines.  For the reasons that follow, the Court concludes that Valdez-

---

[1] References to document numbers (Doc. #(s)) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Gomez's § 2255 motion be denied without an evidentiary hearing and this case be dismissed with prejudice.

## II.   DISCUSSION

### A.   General Legal Standard

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

### B.   Amendment 794 to U.S.S.G. § 3B1.2

Valdez-Gomez contends she is entitled to a retroactive mitigating role reduction to her sentence based on the November 1, 2015 amendment (Amendment 794) to U.S.S.G. § 3B1.2.  Doc. # 2 at 1–6.

Section 3B1.2 of the Sentencing Guidelines provides that a defendant's offense level should be decreased as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

Amendment 794 amended the Commentary to § 3B1.2 by introducing a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role reduction. The listed factors introduced in Amendment 794 are:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmnt. n.3(C).

Valdez-Gomez seeks a two-level minor role reduction under § 3B1.2(b), arguing she had no role in setting up the drug deals for which she was convicted, "no role in

negotiating the price of the drugs, and no knowledge of the scope of the organization." Doc. # 2 at 2. She further asserts that she did not claim a large share of "the fruits of the crime[,] . . . did not own any drugs, finance any part of the offense, [or] possess any decision making authority in the operation." *Id*. According to Valdez-Gomez, she "was selected exactly because she was vulnerable, had limited knowledge, and could compromise the operation as little as possible if ever arrested." *Id*. at 2–3.

### 1. *The § 2255 Motion is Time-Barred.*

Valdez-Gomez's claim for relief is untimely, as it was asserted after expiration of the one-year limitation period in 28 U.S.C. § 2255(f). The timeliness of a § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As a general rule, a § 2255 motion must be filed within a year after the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1).

Here, the district court entered its judgment in Valdez-Gomez's criminal case on October 24, 2012.  *See* Doc. # 2-2 at 1.  Valdez-Gomez did not appeal her conviction or sentence.  The Federal Rules of Appellate Procedure allow 14 days from entry of judgment for a defendant to seek appellate review.  Fed.R.App.P. 4(b)(1)(A)(i).  "When a defendant does not appeal his sentence, the judgment of conviction becomes final when the time for seeking that review expires."  *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011).  Therefore, Valdez-Gomez's conviction became final 14 days after the district court's October 24, 2012 entry of judgment, i.e., on November 7, 2012, when the time for her to seek appellate review expired.  *Murphy*, 634 F.3d at 1307.  Under 28 U.S.C. § 2255(f)(1), Valdez-Gomez had until November 7, 2013, to file a timely § 2255 motion.  She did not file her § 2255 motion until August 10, 2016.  Her motion is untimely under § 2255(f)(1).

Valdez-Gomez does not allege or demonstrate that § 2255(f)(2), (3), or (4) governs the limitation period in her case, or that she is entitled to equitable tolling of the limitation period.  Nor, does not present any argument why § 2255(f)(1) does not apply to bar her motion as untimely.  Valdez-Gomez's § 2255 motion is time-barred under the one-year limitation period in § 2255(f).

### B. *Even if Not Time-Barred, the Claim is Not Cognizable on Collateral Review*.

Even if Valdez-Gomez's motion were not time-barred, her claim would entitle her to no relief.  In *United States v. Cruickshank*, 837 F.3d 1182 (11th Cir. 2016), the Eleventh Circuit confirmed that Amendment 794 is a clarifying amendment, meaning it only clarifies the factors a court should consider for a mitigating role adjustment and did not

5

substantively change § 3B1.2. *Id*. at 1194; *see* U.S.S.G. Supp. App. C., Amend. 794 ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies."). In *Burke v. United States*, 152 F.3d 1329 (11th Cir. 1998), the Eleventh Circuit held that a defendant's claim that his sentence is contrary to a subsequently enacted clarifying amendment is a nonconstitutional issue that is not cognizable under § 2255 absent a complete miscarriage of justice. This is so because "§ 2255 is not a substitute for direct appeal." *Id*. at 1331 (citation omitted). Nonconstitutional claims, such as clarifying amendments to the Sentencing Guidelines, "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Id*. (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

Valdez-Gomez had sufficient opportunity to seek a two-level minor role reduction at sentencing, but she did not. Nor did she appeal. A prisoner may only challenge a sentencing error as a "fundamental defect" on collateral review when she establishes she is actually innocent of her crime or that a prior conviction used to enhance her sentence has been vacated. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). Valdez-Gomez argues neither thing. Considering the circumstances, any alleged misapplication of the Sentencing Guidelines in this case—and Valdez-Gomez fails to establish such a misapplication—cannot be considered "fundamentally unfair" or "a miscarriage of justice" sufficient to support collateral relief under § 2255. *See Burke*, 152 F.3d at 1332. For this reason, also, Valdez-Gomez is entitled to no relief on the claim in her § 2255 motion.

6

### III.  CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Valdez-Gomez be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that **on or before October 10, 2018**, the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done this 26th day of September, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE